In re Ray F. **CHAVEZ** and Stella A. Chavez, d/b/a Kettle Restaurants, Debtors.

Ray F. **CHAVEZ** and Stella A. Chavez, d/b/a Kettle Restaurants, also d/b/a Five Keys Corporation, Plaintiffs,

v.

4B's RESTAURANT, INC., d/b/a Imperial Foods of New Mexico, American Arbitration Association, Nobel, Inc., Cortez-Conley Insurance, Inc., Rainbo Baking Company, Borden's, Inc., Burns International Security Services, Inc., Cain's Coffee Company, Springdale Farms, Inc., Tele Hi-Fi Company, d/b/a Muzak, and El Encanto, d/b/a Bueno Brand Products, Defendants.

Bankruptcy No. 81–01343 M A.
Adv. No. 82–0165 M.

United States Bankruptcy Court,
D. New Mexico.

Nov. 22, 1982.

Jennie Deden Behles, Albuquerque, N.M., for plaintiffs.

Gregory D. Huffaker, Jr., Albuquerque, N.M., for defendant 4B's Restaurants, Inc.

Rosemary S. Page, Associate Gen. Counsel, New York City, Paul S. Wainwright, Albuquerque, N.M., for defendant American Arbitration Ass'n.

Charles N. Glass, Albuquerque, N.M., for defendant Nobel, Inc.

Thomas S. Watrous, Albuquerque, N.M., for defendant Cortez-Conley Ins., Inc.

John T. Fitzpatrick, Albuquerque, N.M., for defendant Burns Intern. Sec. Services, Inc.

Harold D. Stratton, Jr., Albuquerque, N.M., for defendant Cain's Coffee Co.

William J. Lock, Albuquerque, N.M., for defendant Springdale Farms, Inc.

Leo C. Kelly, Albuquerque, N.M., for defendant El Encanto, Inc.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the complaint of the debtors, Ray F. and Stella A. Chavez, d/b/a Kettle Restaurants and Five Keys Corporation (debtors), to avoid transfers made to several creditors. The debtor alleges, pursuant to § 547 of the Bankruptcy Code, 11 U.S.C. § 547, that the transfers were made on or within 90 days prior to the filing of their bankruptcy petition on account of antecedent debts and that the transfers resulted in the creditors' receiving more than they would have received if this bankruptcy had been filed pursuant to chapter 7 of the Bankruptcy Code. Between the filing of the complaint and the trial date, debtors reached settlements with creditors Rainbo Baking Company and Tele Hi-Fi Company, d/b/a Muzak, and the Motion to Dismiss filed by the American Arbitration Association was granted, dismissing the debtors' complaint as to that defendant. At trial, the debtors stipulated to a settlement with defendant Cortez-Conley Insurance, Inc., the Court dismissed the complaint against 4B's Restaurants, Inc., for failure of the debtors to prove any legal relation of that defendant to Imperial Foods of New Mexico, to whom the debtors made out their checks, and the Court denied the claim of the debtors as to Burns International Security Services, Inc., upon finding that payment to Burns was not made from funds of the estate. At the trial, the Court further found that $1,520.00 of the funds transferred to Nobel, Inc., were for contemporaneous transfers and did not constitute a preference. The Court took under advisement the remaining $3,000.00 transferred to Nobel, Inc., $3,000.00 transferred to Cain's Coffee Company, and the remaining claims of the debtors against Springdale Farms, Inc., and El Encanto, Inc., d/b/a Bueno Brand Products. As there was no evidence introduced at trial to show a preference, or even a transfer to Springdale Farms, Inc., or El Encanto, Inc., d/b/a Bueno Brand Products, the debtors' complaint as these defendants shall be dismissed.

As to those claims of the debtors which remain, $3,000.00 paid to Nobel, Inc., and $3,000.00 paid to Cain's Coffee Company, we have before us the testimony of debtor Ray F. Chavez that these amounts were for back bills to the defendants, with any concurrent delivery of goods being paid for with additional monies at the time of delivery. The back bills were paid with checks signed by the debtors but which were imprinted in the upper left hand corner with the name "FIVE KEYS CORP. dba PIZZA INN."

Debtors testified that the account on which these checks were drawn was always used for both Pizza Inn and the Kettle Restaurants, and that at the time the checks were written, no Pizza Inn money remained in the account. Debtors used the Five Keys checks because he had them left over and thought not to waste them.

 The Five Keys name did not appear above the line on which the debtor put his signature, nor does the debtor's signature indicate that he signed the checks in the capacity of a representative of Five Keys. The defendants contend that the Five Keys inscription on the checks somehow takes the money in the account outside the realm of property of the estate. However, defendants offered no evidence or authority to support this position. Conversely, it is clear that the debtor is personally obligated on these checks, N.M.Stat.Ann. § 55–3–403 (1978), that Kettle Restaurants were making deposits into the account on which the checks were drawn, and the Pizza Inn was not in operation during the period in which funds were transferred. Accordingly, we find that the funds transferred were the property of the debtors.

The standard which is applied to avoid a transfer as a preference is:

1. Property of the debtor is transferred to or for the benefit of a creditor;

2. The transfer was made for or on account of an antecedent debt;

3. The debtor was insolvent at the time of the transfer;

4. The transfer was made on or within 90 days before the date of filing of the bankruptcy petition; and,

5. The transfer has the effect of increasing the amount the transferee receives in excess of entitlement in a chapter 7 proceeding.

11 U.S.C. § 547; *Coleman American Moving Services, Inc., v. First Nat'l Bank and Trust Company of Kearney, Nebraska (In re American Properties, Inc.)*, 5 C.B.C.2d 410, 8 B.C.D. 776, 14 B.R. 637 (Bkrtcy.D. Kan.1981).

The first of these requirements is discussed above. There was no evidence introduced by the defendants which disputed the nature of the debts as antecedent or which refuted the presumption of insolvency of the debtors, 11 U.S.C. § 547(f). The payments to the defendants were made within 90 days of the filing of the petition, and certainly have the effect of giving the defendants more than they would have gotten in a chapter 7 proceeding.

Accordingly, this Court finds that the transfer of $3,000.00 from the debtors to Nobel, Inc., and the transfer of $3,000.00 from the debtors to Cain's Coffee Company are preferences which are avoidable pursuant to 11 U.S.C. § 547.

An appropriate order shall enter.